IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| United States of America | ) | |
|---|---|---|
| | ) | Cr. No. 6:07-285-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Mark Bernard Johnson, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Mark Bernard Johnson's ("Johnson") motion to appoint counsel in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), which held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

On April 23, 2007, Johnson pled guilty to three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), one count of use of a weapon in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and one count of use of a firearm in a crime of violence in violation of § 924(c)(1)(A) and (c)(1)(C).[1] On August 27, 2007, Johnson was sentenced to 468 months' imprisonment consisting of 84 months' imprisonment on counts one, five, and nineteen, to be served concurrently; followed by 84 months' imprisonment on count two, to be served consecutively; followed by 300 months' imprisonment on count six, to be served consecutively.

---

[1] "18 U.S.C. § 924(c)(1)(A), provides that a person who uses or carries a firearm 'during and in relation to any crime of violence' or who 'possesses a firearm' 'in furtherance of any such crime' may be convicted of *both* the underlying crime . . . *and* the additional, distinct crime of utilizing a firearm in connection with a 'crime of violence,' with the latter punishable by at least five consecutive years of imprisonment." United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019).

1

He did not appeal his sentence. On February 14, 2019,[2] Johnson filed a "motion to vacate [his] 18 U.S.C. [§] 924(c) conviction" based on United States v. Simms, 914 F.3d 229 (4th Cir. 2019), which the court construed after notice in compliance with Castro v. United States, 540 U.S. 375, 383 (2003), as a § 2255 motion. (§ 2255 Mot., generally, ECF No. 46.) Subsequently, on March 4, 2019, and March 15, 2019,[3] Johnson filed § 2255 motions in proper form alleging that his 18 U.S.C. § 924(c) convictions were improper in light of Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and Simms, 914 F.3d at 237.[4] Specifically, Johnson alleged that the residual clause in 18 U.S.C. § 924(c) is unconstitutionally vague and that Hobbs Act robbery is non-violent. (§ 2255 Mot., generally, ECF No. 56.) The court dismissed the § 2255 motion as time barred. Johnson filed the instant motion on March 12, 2020.

Hobbs Act robbery is a violent felony under the force clause of § 924(c)(3)(A). United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).") Irrespective of the residual clause in § 924(c)(3)(B), Johnson's § 924(c) convictions are proper under § 924(c)(3)(A)'s force clause based on his substantive Hobbs Act robbery charges because Johnson's Hobbs Act robbery convictions are violent felonies under the force clause in

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

[3] Id.

[4] In Dimaya, the Supreme Court of the United States held that the residual clause definition of "crime of violence" in the Immigration and Nationality Act's definition of aggravated felony, 18 U.S.C. § 16(b), violated due process as it was impermissibly vague. 138 S. Ct. at 1210-11. The United States Court of Appeals for the Fourth Circuit in Simms held that the residual clause in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague based on Johnson and Dimaya. 914 F.3d at 237.

§ 924(c)(3)(A).  Based on the foregoing, Davis does not apply to Johnson's § 924(c) conviction.

It is therefore

**ORDERED** that Johnson's motion to appoint counsel, docket number 72, is denied.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
March 24, 2020

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified of his right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.