IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) Cr. No. 6:07-0285-HMH |
| vs. | ) |
| | ) **OPINION & ORDER** |
| Mark Bernard Johnson, | ) |
| | ) |
| Movant. | ) |

This matter is before the court on Defendant Mark Bernard Johnson's ("Johnson") pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons below, the court denies his[1] motion.

## I. BACKGROUND

In 2007, Johnson pled guilty to three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). (Indictment, ECF No. 2); (Guilty Plea, ECF No. 18.) The court sentenced Johnson to a total of 468 months' imprisonment, consisting of concurrent terms of 84 months on the robbery counts, a consecutive term of 84 months on the first § 924(c) count, and a consecutive term of 300 months on the second § 924(c) count. (Judgment, ECF No. 29.) Johnson did not appeal his convictions or sentences.

After the First Step Act's passage in 2018, Johnson moved for a sentence reduction, arguing that his "stacked" § 924(c) convictions were "no longer valid." (Mot. Reduce Sentence, ECF No. 43.) Among other things, the First Step Act amended § 924(c) "so that the 25-year

---

[1] Johnson appears to identify as a transgender woman but uses both male and female pronouns in his motion. Compare (Mot. Sentence Reduction 1, ECF No. 103) ("Movant now raises his extraordinary and compelling reasons . . . ."), with (id., ECF No. 103) ("The Defendant asserts that she . . . ."). For the sake of consistency, the court will refer to Johnson using male pronouns.

1

mandatory minimum for a second or subsequent offense applies only when a prior conviction under § 924(c) already has become final." United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020) (internal quotation marks omitted). In other words, the Act eliminated the 25-year mandatory minimum for first-time § 924(c) offenders like Johnson who were convicted of multiple § 924(c) counts charged in the same indictment. The court denied Johnson's motion, however, because Congress did not make the changes to § 924(c) retroactive. (Order, ECF No. 44); see First Step Act of 2018, Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5222.

In 2021, Johnson moved for compassionate release under § 3582(c)(1)(A) based on his stacked § 924(c) convictions. (Mot. Sentence Reduction, ECF No. 75.) The court found that the disparity between the sentence Johnson received and the one he likely would have received had he been sentenced after the passage of the First Step Act constituted an "extraordinary and compelling" reason for a sentence reduction. (Order 5-6, ECF No. 87); see United States v. McCoy, 981 F.3d 271, 286 (4th Cir. 2020). It further found that the § 3553(a) factors supported a "modest" reduction and thus reduced Johnson's sentence by 144 months to 324 months' imprisonment. (Order 6-9, ECF No. 87.)

In 2023, Johnson again moved for compassionate release. (Mot. Sentence Reduction, ECF No. 99.) The court denied this motion by text order after finding that "nothing in the renewed motion alter[ed] the [c]ourt's findings in its [earlier order]." (Text Order, ECF No. 100.)

On April 8, 2024, Johnson filed the instant motion for a sentence reduction. (Mot. Sentence Reduction, ECF No. 103.) He argues that extraordinary and compelling reasons justify compassionate release, mainly because (1) his § 924(c) sentences remain "unusually long," and (2) he suffered physical abuse at the hands of correctional officers at a Bureau of Prisons

("BOP") facility. (Id. at 1-4, ECF No. 103.) The Government opposes Johnson's motion, contending that a sentence reduction would be inconsistent with the relevant Sentencing Commission policy statement and the § 3553(a) factors. (Gov't Resp. 6-11, ECF No. 115.)

## II. Legal Framework

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The compassionate-release statute, however, authorizes a court to reduce a defendant's sentence if, after considering the 18 U.S.C. § 3553(a) factors, it finds that (1) "extraordinary and compelling reasons" warrant a reduction and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A).

The "applicable policy statement[]" reiterates the statutory requirements, with the additional requirement that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); see also U.S.S.G. Supp. to App. C, Amend. 814, Reason for Amendment (effective Nov. 1, 2023) ("extend[ing] the applicability of the policy statement to defendant-filed motions"). The policy statement then enumerates six categories of "extraordinary and compelling reasons" that may justify compassionate release: (1) the defendant's medical circumstances, (2) the defendant's advanced age, (3) the defendant's family circumstances, (4) the defendant's status as a "victim of abuse," (5) any other reasons that are "similar in gravity" to the first four categories, and (6) certain changes in law if the defendant has served ten years of an "unusually long sentence" and the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(1)-(6). Under the policy statement, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason" but "may be considered

3

in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. § 1B1.13(d).

At the final step of the compassionate-release analysis, the court considers the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," deter crime, protect the public from the defendant's future criminal conduct, and provide the defendant with needed "correctional treatment"; (3) "the kinds of sentences available"; (4) the Guidelines sentencing range; (5) certain policy statements issued by the Sentencing Commission; (6) "the need to avoid unwanted sentence disparities among" similarly situated defendants; and (7) the need for victim restitution. Id. § 3553(a).

### III. Discussion

### A. Extraordinary and Compelling Reasons

Johnson argues that extraordinary and compelling reasons exist under U.S.S.G. §§ 1B1.13(b)(4) and 1B1.13(b)(6). The first section provides that a defendant who was a victim of "physical abuse resulting in 'serious bodily injury'" while in custody may be eligible for a sentence reduction if the abuse "was committed by, or at the direction of, a correctional officer, an employee or contractor of the [BOP], or any other individual who had custody or control over the defendant." U.S.S.G. § 1B1.13(b)(4). For a defendant to qualify under this provision, "the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." Id.

4

Johnson claims that six BOP correctional officers physically assaulted him while he was housed at FCI Terre Haute. (Mot. Sentence Reduction 3, ECF No. 103.) According to Johnson, the officers placed him in an "unnecessary chokehold" and "then kick[ed], knee[d], elbow[ed], punch[ed], and at one point stomp[ed]" on his head and face. (Id., ECF No. 103.) As a result, Johnson says that he suffered "a concussion, bruised ribs, an[d] battered face." (Id., ECF No. 103.)

Even if the court were to accept these allegations as true, Johnson is not entitled to relief because the misconduct has not been "established by a conviction in a criminal case, a finding or admission of liability in a civil case, or finding in an administrative proceeding." U.S.S.G. § 1B1.13(b)(4). Johnson filed a Bivens suit related to the incident, see Johnson v. Craimer, No. 2:19-cv-00273-JRS-DLP, 2021 WL 3565502 (S.D. Ind. Aug. 12, 2021) (unpublished), but later settled his claims with the officers before trial. "[A] settlement agreement is not necessarily an admission of liability." Witcher v. Kroger Co., No. 8:06-1524, 2007 WL 864147, at *4 (D.S.C. Mar. 16, 2007) (unpublished). And Johnson otherwise offers no evidence that the officers have conceded liability. Further, nothing suggests that Johnson is in "imminent danger," especially since he is no longer housed at the BOP facility where the alleged abuse took place. See Find an inmate, Fed. Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/index.jsp (search for BOP Register Number 15364-171) (last visited July 15, 2024). For these reasons, the court concludes that Johnson has not shown extraordinary and compelling reasons under § 1B1.13(b)(4).

The second section on which Johnson relies is § 1B1.13(b)(6). That section provides that "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" may constitute "an extraordinary and compelling reason" for a reduction if (1) the

defendant received "an unusually long sentence," (2) the defendant has served "at least 10 years of the term of imprisonment," and (3) the change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S.S.G. § 1B1.13(b)(6).

Many of Johnson's arguments related to § 1B1.13(b)(6) fail at the outset.  He broadly claims (1) that he is actually innocent of violating § 924(c), (2) that his attorney coerced him to plead guilty, and (3) that the court committed an Alleyne error.[2]  (Mot. Sentence Reduction 2-3, ECF No. 103.)  None of these claims, however, are cognizable on a motion for compassionate release.  A motion to vacate under 28 U.S.C. 2255 "is the exclusive method of collaterally attacking a federal conviction or sentence," and a defendant cannot use "another mechanism, such as compassionate release, to sidestep § 2255's requirements."  United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

This leaves Johnson's argument that his sentences for his two § 924(c) convictions are "excessively long."  (Mot. Sentence Reduction 2-3, ECF No. 103.)  As discussed, the court originally sentenced Johnson to 468 months' imprisonment.  This sentence consisted of concurrent 84-month terms on the robbery counts, plus a mandatory consecutive 84-month term on the first § 924(c) count and a mandatory consecutive 300-month term on the second § 924(c) count.  The court later reduced Johnson's sentence from 468 to 324 months' imprisonment after finding that the sentencing disparity created by the First Step Act's reforms was an extraordinary and compelling reason for relief.  If Johnson were sentenced today – and his two "recency" points were left in place[3] – his total sentencing range would be 252 to 273 months' imprisonment

---

[2] In United States v. Alleyne, 570 U.S. 99 (2013), the Supreme Court held that any fact that increases a mandatory minimum sentence must be found by a jury beyond a reasonable doubt.

6

(the mandatory minimum 168 months' imprisonment for the two § 924(c) counts added to the range of 84 to 105 months' imprisonment for the robberies).

Johnson satisfies one of § 1B1.13(b)(6)'s requirements: he has served "at least 10 years of [his] term of imprisonment." U.S.S.G. § 1B1.13(b)(6). Thus, the remaining questions before the court are (1) whether his already-reduced 324-month sentence is "unusually long," and (2) whether the 72-month difference between his current sentence and the low end of the applicable sentencing range constitutes a "gross disparity." Id.

In the absence of specific guidance from the Sentencing Commission, district courts have adopted differing standards for determining whether a sentence is "unusually long." One court has decided that a sentence is unusually long if it is "significantly longer than the average of all sentences imposed nationwide in a given year." United States v. Howard, No. ELH-13-0629, 2024 WL 112010, at *15 (D. Md. Jan. 10, 2024) (unpublished) (emphasis added) (235-month sentence was unusually long). Another court, by contrast, has held that the phrase "necessarily denotes that [a] sentence is abnormally longer than sentences for similar defendants" with the same offense level and criminal history category. United States v. Sanders, No. 09-cr-40069-JPG, 2024 WL 3088556, at *2 (S.D. Ill. June 20, 2024) (unpublished) (240-month sentence was not unusually long). Courts have also reached "markedly different conclusions" on what

---

[3] Two points were added to Johnson's criminal history score because he committed the offenses within two years of his release from imprisonment on a prior conviction. Amendment 742, which became effective in 2010, eliminated the use of recency points in calculating a defendant's criminal history score, but the amendment was not made retroactive. See U.S.S.G. § 1B1.10(d) (listing retroactive amendments). The Sentencing Commission's policy statement prohibits courts from considering nonretroactive Guidelines amendments "for purposes of determining whether an extraordinary and compelling reason exists." Id. § 1B1.13(c); see United States v. Padgett, --- F.Supp.3d ----, No. 5:06cr13-RH, 2024 WL 676767, at *6 (N.D. Fla. Jan. 30, 2024) ("[l]eaving in place the recency points addressed by nonretroactive Amendment 742" when "determining whether a 'gross disparity' exist[ed] under Guidelines Manual § 1B1.13(b)(6)").

7

constitutes a sufficiently "gross" sentencing disparity.  United States v. Douglas, No. 11-CR-0324 (PJS/LIB), 2024 WL 2513646, at *2 (D. Minn. May 24, 2024) (unpublished).  As just one example, courts in this circuit disagree on whether a 21-month difference is a gross disparity.  See Howard, 2024 WL 112010, at *17 ("In my view, under the circumstances of this case, a 21-month disparity is a 'gross disparity.'"); United States v. Anderson, No. 3:14-604-JFA, 2022 WL 395235, at *8 (D.S.C. Feb. 9, 2022) (unpublished) ("The 21-month difference caused by the removal of the career offender designation is a far cry from the 'gross disparity' of 200 months and 30 years considered in McCoy.").

Ultimately, however, the court need not grapple with these issues to resolve Johnson's motion.  Instead, it will assume for the sake of argument that he has met the criteria for establishing extraordinary and compelling reasons under § 1B1.13(b)(6).

### B. The § 3553(a) Factors

Even "if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction." United States v. High, 997 F.3d 181, 186 (4th Cir. 2021).  "Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).  In this case, the § 3553(a) factors counsel strongly against a further sentence reduction.

To begin, the "nature and circumstances" of Johnson's offenses were particularly egregious.  18 U.S.C. § 3553(a)(1).  Johnson's convictions stem from ten armed robberies he committed in Greenville County between December 2005 and January 2006.  (PSR ¶ 33, ECF No. 22.)  Johnson frequently pistol-whipped his victims and threatened to kill them if they did

8

not obey his demands. During one robbery, he fired a shot while ordering a customer to the ground. During another, he forced a store clerk "to her knees, told her to crawl, and violently kicked her as she complied." (Id., ECF No. 22.) Given the extent and violent nature of Johnson's conduct, a reduced sentence would not reflect the seriousness of his crimes, "provide just punishment," or "afford adequate deterrence." 18 U.S.C. § 3553(a)(2).

Johnson's "history and characteristics" also weigh against a sentence reduction. Id. § 3553(a)(1). Johnson began committing the robberies less than a year after serving a state sentence for criminal conspiracy, common-law robbery, and second-degree burglary. (PSR ¶¶ 40-41, ECF No. 22.) These convictions resulted from Johnson's participation in a home invasion, during which he and his accomplices armed themselves with a shotgun and robbed a resident of money and jewelry. (Id. ¶ 41, ECF No. 22.)

Finally, Johnson has been far from a model inmate. See U.S.S.G. § 1B1.10 cmt. n.1(B)(iii) (stating that courts may consider a defendant's post-sentencing conduct). His BOP disciplinary record spans eighteen pages and includes violations for threatening bodily harm, fighting, assaulting a staff member, refusing to obey orders, refusing work assignments, possessing dangerous weapons, and possessing intoxicants. (Gov't Resp. Ex. 1 (Disciplinary Record), ECF No. 115-1.) While Johnson has completed a number of programs and classes during his incarceration, his rehabilitative efforts do not outweigh his poor disciplinary record, the seriousness of his crimes, and his history of violence. As a result, after considering the applicable § 3553(a) factors, the court remains satisfied that Johnson's current 324-month sentence is "sufficient, but not greater than necessary," to achieve the statutory goals of sentencing.[4] 18 U.S.C. § 3553(a).

---

[4] Given the court's disposition, the court declines to address the Government's argument that

## IV. Conclusion

For the foregoing reasons, Johnson's motion for compassionate release, docket number 103, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 17, 2024

### NOTICE OF RIGHT TO APPEAL

Johnson is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

---

the Sentencing Commission exceeded its congressionally delegated authority in promulgating § 1B1.13(b)(6). (Gov't Resp. 5 n.3, ECF No. 115.)